IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LARRY LEE WESSLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-00383-CV-W-ODS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for a period of disability and disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1959, and is a high school graduate. R. at 36, 38, 130. He previously worked as a service technician. R. at 26, 74-75. In July 2014, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability onset date of June 20, 2014. R. at 130-36. Plaintiff's applications were denied, and he requested a hearing before an administrative law judge ("ALJ"). R. 66-78, 87-88. A hearing was held in November 2015. R. at 32-65. In March 2016, ALJ Janice Barnes-Williams issued her decision, finding Plaintiff was not disabled. R. at 14-28.

In rendering her decision, the ALJ found Plaintiff had one severe impairment: mood disorder. R. at 16. After consideration of the entire record, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: He is limited to work that does not require the performance of more than simple, routine and repetitive tasks, which may require detailed instructions, but does not involve complex tasks, with no public interaction. He can work around co-workers, but with only occasional interaction with co-workers.

R. at 21. Based upon the RFC and the vocational expert's ("VE") testimony at the hearing, the ALJ concluded Plaintiff could work as a dishwasher, order filler, or laundry worker. R. at 27. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal. R. at 1-10. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision is not supported by substantial evidence on the record and must be reversed because (A) the ALJ erred when she failed to afford controlling weight to Plaintiff's treating psychiatrist, and (B) the ALJ failed to properly account for all of Plaintiff's limitations in his RFC.

### A. Treating Psychiatrist

Plaintiff claims the ALJ erred in affording "little weight" to the opinion of his treating psychiatrist, Asim Ulusarac, M.D. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data, or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696

F.3d at 793-94; Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Anderson, 696 F.3d at 793.

From April 2014 to May 2016, Plaintiff visited Ulusarac on fourteen occasions. In August 2015, Ulusarac executed a Physical Residual and Mental Functional Capacity Questionnaire. R. at 274-78. Therein, Ulusarac opined Plaintiff had "extreme" difficulties in maintaining social functioning, and "extreme" deficiencies in concentration, persistence, or pace. R. at 275. He indicated Plaintiff had "marked" restrictions with daily living activities, and had continual episodes of deterioration that would cause him to withdraw from a situation or experience exacerbation of symptoms. R. at 275. Ulusarac stated Plaintiff did not have the ability to complete a normal workday, and would have to miss work more than four days per month. R. at 274, 278.

The ALJ afforded "little weight" to Ulusarac's opinion as to Plaintiff's mental functioning because his opinion was not consistent with the record as a whole, and not well supported by the objective medical evidence. R. at 25.[1] She also found Ulusarac's opinion to be conclusory, providing no specific or substantiated explanation of the evidence on which he relied. Id. Rather, it appeared Ulusarac relied heavily on Plaintiff's subjective reports of symptoms and limitations. Id. The ALJ also noted Plaintiff's "conservative treatment and relatively benign objective evidence" suggested his symptoms are not as severe as claimed. R. at 23. And the ALJ found Ulusarac observed Plaintiff had "grossly normal mental status examinations" on many instances. R. at 23.

The Court reviewed the record, and finds substantial evidence supports the ALJ's decision to discount Ulusarac's opinion. The Court also finds the ALJ provided good reasons explaining the weight she afforded Ulusarac's opinion. As noted by the ALJ, Ulusarac provided conservative treatment consisting of medication with few adjustments. Between April 2014 and December 2014, there were no adjustments to Plaintiff's

---

[1] The ALJ also afforded "little weight" to Ulusarac's opinions on Plaintiff's physical limitations because the limitations were not supported by the objective medical evidence; the limitations were more severe than those reported by Plaintiff; and Ulusarac, a psychiatrist, provided opinions on matters outside his area of expertise. R. at 18. Plaintiff's brief does not argue the ALJ erred in affording little weight to Ulusarac's opinions related to Plaintiff's physical limitations. Doc. #6. Because Plaintiff has limited his arguments as to the mental limitations set forth by Ulusarac, the Court does likewise.

medications.  R. at 264-71.  One medication was added in December 2014, but Plaintiff chose to stop it.  R. at 305-10.  In March 2015, one medication was added, and after Plaintiff reported the medication was helping, the dosage was increased.  R. at 297-301.  In June 2015, Plaintiff reported he chose to reduce the dosage of one medication by fifty percent.  R. at 289-92.  Other than a medication for anxiety (that he previously used) being prescribed in September 2015, Plaintiff's medications remained unchanged through March 2016, the last appointment with Ulusarac in the record.  R. at 284-87, 336-49.

Although Ulusarac opined Plaintiff had "extreme" deficiencies in concentration, his notes do not support that opinion.  Rather, at each appointment except one, Ulusarac observed Plaintiff's attention and concentration were "within normal limits."  R. at 267, 270-71, 291, 294, 298, 302, 306, 309, 312, 314, 338, 343, 348.  It was only in September 2015 that Ulusarac noted Plaintiff's attention and concentration were "somewhat impaired."  R. at 286.  Although he opined Plaintiff had "extreme" deficiencies in maintaining social functioning, Ulusarac notes Plaintiff's socialization was either "within normal limits" or "limited."  R. at 267, 286, 291, 295, 299, 303, 306, 309, 312, 314, 338, 343, 348.  Ulusarac's notes do not support moderate impairment with regard to concentration and socialization, much less "extreme" impairments.  Further, the record indicates Plaintiff has not received in-patient treatment or hospitalizations since the onset of his alleged disability, which would be consistent with a disabling mental state.

The ALJ properly discounted Ulusarac's opinion because the limitations he set forth were not consistent with his treatment records.  *See Cline*, 771 F.3d at 1104; *see also Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) (noting "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.").  The Court finds the ALJ properly weighed Ulusarac's opinion.

### B.  Plaintiff's RFC

Plaintiff's other argument pertains to the RFC set forth by the ALJ.  Plaintiff argues the RFC did not account for (1) physical limitations associated with monocular vision and thoracic spondylosis, and (2) all mental limitations.  One's RFC is the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  Because Plaintiff's RFC is a medical question, "an ALJ's

4

assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

### Right Eye Blindness

Plaintiff's right eye was injured at age thirteen. R. at 17. As noted by the ALJ, Plaintiff "has been capable of engaging in substantial gainful activity for many years since his distant eye injury, at a skilled job that required good vision." *Id.* In addition, Plaintiff drives two or three times per week, attends weekly meetings, and shops at thrift stores. *Id.* Accordingly, the ALJ determined Plaintiff's "eye deformity" was not severe. Notably, Plaintiff cites nothing in the record establishing (or even suggesting) his right eye blindness is severe, or his ability to perform substantial gainful activity is limited because of his right eye blindness. In fact, in his Function Report, Plaintiff did not set forth any sight limitations (other the wearing glasses), and he did not list his right eye blindness as limiting his ability to work. R. at 189, 194. Based upon the foregoing, the Court finds the ALJ's RFC is supported by substantial evidence on the record as a whole, and the ALJ did not err in formulating an RFC that did not include limitations associated with Plaintiff's right eye blindness.

### Thoracic Spondylosis

With regard to Plaintiff's thoracic spondylosis, the ALJ found the record did "not contain evidence of any significant back complaints to his medical providers," and Plaintiff was not hospitalized or seen in the emergency room for chronic exacerbations of a back condition." R. at 18. The ALJ noted several musculoskeletal examinations showed normal gait, and as recently as September 2015, Plaintiff had no complaints of back pain. *Id.* The ALJ placed significance on the fact that Plaintiff did not report or testify that his "physical condition interferes with working or affects any area of functioning." *Id.* The ALJ also observed Plaintiff, on this Function Report, answered "does not apply" when asked how far he could walk without resting. R. at 18, 194.

The Court also notes Plaintiff represented to Defendant that he had the ability to sit, stand, walk, bend, lift, kneel, reach, or climb stairs were not affected by his conditions. R. at 194. Similar to his argument associated with his right eye blindness, Plaintiff cites nothing

5

in the record establishing physical limitations caused by thoracic spondylosis. Based upon the foregoing, the Court finds the ALJ's RFC is supported by substantial evidence on the record as a whole, and the ALJ did not err in formulating an RFC that did not include limitations associated with Plaintiff's thoracic spondylosis.

### Additional Mental Limitations

Finally, Plaintiff contends the ALJ should have included limitations regarding his interactions with supervisor, his moderately limited ability to accept instructions and respond appropriately to criticism from supervisors, and his moderately limited ability to work in proximity to others without being distracted. The RFC limited Plaintiff to work that does not require more than simple, routine, repetitive, non-complex tasks. R. at 21. The RFC also allowed no public interaction, and only occasional interaction with coworkers. *Id*. Given, among other things, Ulusarac's notes (*see supra*, section III(A)), the conservative nature of Plaintiff's treatment, and the opinion of a state agency psychological consultant, the substantial evidence on the record as a whole supports the ALJ's RFC. Further, the record does not support additional or more severe mental limitations. Accordingly, the Court finds the ALJ did not err in failing to include additional or more severe mental limitations.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATE: August 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT